■ DIANE ELKAN et al., Plaintiffs, v SIMON ARREDONDO et al., Defendants. LUBY VOLKSWAGEN, INC., Third-Party Plaintiff-Respondent, v VOLKSWAGENWERK A. G., THIRD-PARTY DEFENDANT-APPELLANT, AND KLIPPAN G. M. B. H. HAMBURG, Third-Party Defendant.—Order, Supreme Court, New York County, entered September 12, 1979, reversed, on the law, and the motion of third-party defendant-appellant Volkswagenwerk A. G. to dismiss the third-party complaint of defendant third-party plaintiff Luby Volkswagen, Inc., against that third-party defendant-appellant granted, with costs. Plaintiffs husband and wife Elkan were injured when their Volkswagen auto was in collision with another, driven by defendant Arredondo, against whom they instituted suit. Claiming that failure of the seat belt system had contributed to their injuries, they joined as defendants Luby Volkswagen, Inc., seller of the car, and Volkswagen of America, Inc., distributor. Luby, as third-party plaintiff, in turn, sued the vehicle's manufacturer, Volkswagenwerk A. G., and Klippan G. M. B. H., manufacturer of the belt, claiming that eventually liability would be fastened upon these third-party defendant manufacturers. After discovery had taken place, Volkswagenwerk moved for summary judgment dismissing Luby's third-party complaint. Calling the movant's proof "inconclusive" as to negligence or strict products liability, Special Term denied the motion. The evidence revealed by the depositions points clearly to complete absence of liability on the part of the car's maker. Mr. Elkan stated that he had bought the 1971

vehicle in 1975 from Luby; that its interior was in poor shape; that there were no seat belts then; that the mechanism of a door was defective; that Luby fixed the door and installed seat belts before Elkan took the car. Luby's internal repair orders verified that it had made the repair to the door and installed the belts. Thus, it makes no difference that the deposition of another witness is to the effect that 1971 Volkswagens were imported complete with seat belts: Luby's intervening act of installation of new belts clears the manufacturer of any suspicion of a contributory defect on its part. The motion should have been granted on this rather conclusive proof, supplied actually by the party it defeats. Concur—Kupferman, J. P., Birns, Sandler, Markewich and Carro, JJ.